■ IDA F. DEUTSCH, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 46194.) — STALEY, JR., J. Appeal by claimant from a judgment in favor of claimant, entered March 1, 1968, upon a decision of the Court of Claims. On January 18, 1966 the State of New York appropriated 7.62 acres of claimant's land for highway purposes. Prior to the appropriation, the claimant's property consisted of about 38 acres of land situate in Cooks Falls, Delaware County. Route 17 crossed the property from east to west, and separated the land into two parcels with 13 acres being north of Route 17 and 25 acres being south thereof. On the 25-acre parcel there was located a four-story frame hotel, a casino, two garages, a storage building, and was further improved with a swimming pool, tennis courts, basketball and handball courts. A seven-acre lake was also located on the 25-acre parcel. The 13 acres north of Route 17 consisted of wooded sloping ground. used in conjunction with the main parcel. The property was used as a summer hotel, and had long been operated as a summer resort. Between Route 17 and the lake, 6.371 acres were appropriated for the highway, which effectively terminated any use of the parcel north of Route 17 in conjunction with the main parcel. In addition this taking caused the destruction of all of the pine trees lying on the north side of the lake except for a small area at the northwest corner. The trees were replaced by a high embankment. Prior to the appropriation the lake was supplied with water from a watershed area and several springs on the property adjoining on the south. As a result of the appropriation, the watershed area was diverted to the Beaverkill River, thus limiting the water supply to the springs. The remaining 1.249 acres of the appropriation were along the north side of Route 17, and access to the remaining land is from Route 17 as relocated. The court found a before value of $109,925, which is not in issue, both parties accepting the court's evaluation. The sole issue is the after value found by the court to be $98,982.27. The claimant contends that, since her expert testified to an after value of $80,000, and the State's expert testified to an after value of $81,000, the determination by the court is arbitrary, and the after value should be reduced to $81,000. The trial court explained its reason for disregarding the after values of the expert witnesses stating: "The Court is aware that the after value allowed for the buildings is higher than that testified to by either appraiser, but this is due to the refusal of the Court to adopt the exaggerated consequential damages

claimed by the claimant's appraiser." The trial court, disregarding the after values of the expert witnesses, based its award for consequential damages in an amount within the range of the testimony of such experts as to consequential damages and similarly its award for direct damage was likewise within the range of both experts' testimony. Although the after value found by the trial court is outside the range of the experts' testimony relative to after value, the trial court's explanation of its finding as to consequential damage and the total award is supported by the evidence. (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428; *Tremarco Corp.* v. *State of New York*, 30 A D 2d 1019.) Judgment affirmed, without costs. Reynolds, J. P., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Staley, Jr., J.